**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Listiak,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-01709-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the appeal of Plaintiff Rebecca Listiak, which challenges the decision of the Social Security Administration to deny benefits to her deceased husband, ("claimant"). (Doc. 15). For the following reasons, the case is remanded to the ALJ for further proceedings.

## BACKGROUND

On July 22, 2011, the claimant applied for disability insurance benefits, alleging a disability onset date of September 30, 2009. (Tr. at 17). The claim was denied initially and upon reconsideration. (Tr. at 49; Tr. at 51). Plaintiff then appealed to an Administrative Law Judge ("ALJ"). Before the first hearing on the matter, Mr. Listiak passed away. The ALJ conducted a hearing of the matter on November 13, 2013, and subsequently issued a decision denying benefits, which found that Mr. Listiak retained the ability to perform light work up until his death in 2013. (Tr. at 14–30). Plaintiff then appealed this determination to the Appeals Council, which denied the request for review.

Then, Plaintiff filed a lawsuit in this Court arguing that the ALJ's decision was not free from legal error. (Tr. 804, 801). In that proceeding, the Commissioner stipulated there was legal error, so the court remanded the case back to the ALJ with instructions to render a new decision. (Tr. 813).[1]

After remand, the ALJ conducted additional investigation and supplemental hearings (Tr. 735). In this second decision, the ALJ again undertook the five-step sequential evaluation for determining disability. (Tr. at 717). At step one, the ALJ found that the claimant did not engage in substantial gainful activity after the alleged onset date. (Tr. at 717). At step two, the ALJ determined that the claimant suffered from the severe impairments of ischemic heart disease, peripheral arterial disease, chronic venous insufficiency, triple vessel coronary artery disease, bilateral hip avascular necrosis, and lumbar degenerative disc disease. (Tr. at 717). At step three, the ALJ found that none of these impairments—either alone or in combination—met or equaled any of the Social Security Administration's listed impairments prior to March 2012. (Tr. at 719). The ALJ determined that prior to March 2012, the claimant had the residual functional capacity to perform sedentary work. At step four, the ALJ determined that the claimant, prior to March 2012, retained the ability to perform his past work as a golf club manager at a sedentary level. (Tr. at 723).

## DISCUSSION

**I.     Standard of Review**

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a

---

[1] Ms. Listiak repeatedly argues that the ALJ who made the second determination failed to comply with that initial court order. But while her initial briefs in that case made various points that the ALJ did not address in its second order, the ALJ *did* perform each of the steps that the Court directed in its order granting a stipulation of dismissal. These arguments are therefore without merit.

preponderance." *Id*. (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

## II.    Analysis

Plaintiff argues that the ALJ erred by classifying the claimant's past work as golf club manager and finding that he could perform that work in the national economy prior to March 2012.

### A.    ALJ's Vocational Determination

At step four, "a claimant has the burden to prove that he cannot perform his past relevant work either as actually performed or as generally performed in the national economy." *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (internal citation and quotation marks omitted). An ALJ may use either the "actually performed test," or the "generally performed test" when evaluating whether a claimant may perform past work. *Id*. The generally performed test is "designed for situations where a claimant's past job was especially demanding when compared with industry standards." *Id*.

Separately, the Ninth Circuit has repeatedly held that an ALJ may not classify a claimant's past work according to its least demanding function, even if the ALJ is applying the generally performed test. *See e.g.*, *Valencia v. Hecker*, 751 F.2d 1082, 1086–87 (9th Cir. 1985); *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001); *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1166 (9th Cir. 2008). The Ninth Circuit recently harmonized these

two lines of cases by holding that, if the ALJ uses the generally performed test, as here, she may classify a past occupation according to the least demanding function only if (1) "the least demanding function is a task that the claimant actually performed most of the time" and (2) "the DOT defines the claimant's past job as requiring only that least demanding function." *Stacy*, 825 F.3d at 570. Because Mr. Listiak titled his job as "Golf Club Manager" in his application, and the DOT defines that job as sedentary, the second prong from *Stacy* is satisfied. (Tr. at 193). The only remaining issue is whether Mr. Listiak actually performed sedentary functions at his job most of the time.

Here the ALJ determined that Mr. Listiak retained the capacity to perform sedentary work prior to March 2012, and that he therefore could perform his past work as a golf club manager. (Tr. at 723). In making this determination, the ALJ relied upon the testimony of a vocational expert, who in turn relied upon Mr. Listiak's initial application to the Social Security Administration. (Tr. at 765–766). That application notes that Mr. Listiak only spent two hours out of an eight-hour work day sitting. It also notes that he spent between one-third and two-thirds of his time performing work that required lifting five to fifteen pounds of equipment—work that would not be consistent with the ALJ's residual functional capacity determination. (Tr. at 195). The VE expert did not state in his testimony that he thought Mr. Listiak actually performed sedentary work most of the time during his work as a golf club manager. Nor did the ALJ make an explicit factual finding in her opinion about whether Mr. Listiak performed sedentary functions most of the time.

Under *Stacy*, "an ALJ errs if they equate the least demanding aspect of the claimant's past job with a full time job where the claimant performed that aspect of their past job less than half the time." *Rakowski v. Comm'r of Soc. Sec. Admin.*, 2017 WL 3335010 at *10 (E.D. Cal. 2017) (citing *Stacy*, 825 F.3d at 870) (internal quotation marks and alterations omitted). The DOT classifies Mr. Listiak's past job *title* as purely sedentary, but he most frequently performed functions that required a light to medium exertion level—as the ALJ's opinion recognized. (Tr. at 723). According to the uncontradicted evidence in Mr. Listiak's application, he only performed sedentary

functions at his job 20–25 percent of the time, frequently lifted up to fifteen pounds of equipment, and occasionally lifted fifty pounds of equipment. Mr. Listiak routinely engaged in tasks including giving golf lessons, ground maintenance, raking and shoveling. Conversely, the residual functional capacity determination would limit Mr. Listiak to only one to two hours per day of walking or standing. (Tr. at 719). The ALJ did not identify past sedentary functions that Mr. Listiak engaged in during his time as a golf manager. Because Mr. Listiak spent more than 75 percent of his time engaged in light to medium exertional work, the ALJ erred when she determined that he retained the ability to perform his past work as generally performed in the national economy.

### B. Remand for a Calculation of Benefits

When a court finds that the ALJ committed harmful error, the Social Security Act "makes clear that courts are empowered to . . . modify[] or reverse a decision by the Commissioner 'with or without remanding the case for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting § 405(g)). In considering whether to remand for further proceedings, the Court considers whether "whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1103. To make that determination, the Court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Treichler*, 775 F.3d at 1101).

In her analysis, the ALJ properly determined that Mr. Listiak only retained the ability to perform sedentary work. However, the ALJ then erred at step four when she determined that Mr. Listiak's past work could be generally performed at a sedentary level in the national economy. Because of Mr. Listiak's advanced age during the relevant time period, and lack of highly transferrable skills skills, a finding of disability is mandatory if he is limited to a sedentary range of work and cannot perform his past work. *See Gregory v. Bowen*, 844 F.2d 664, 666 (1988) (explaining that under Rule 201.06, the claimant "should be deemed disabled if she is found to be unable to return to her past work."); 20

C.F.R. § 404, Subpart B, Appendix 2, Table 1, 201.06. Because the ALJ could not legally conclude on this record that Mr. Listiak retained the ability to perform his past work at a sedentary level, a finding of disability is mandatory. The Court will therefore remand for a calculation of benefits.

**IT IS THEREFORE ORDERED** that the ALJ's decision is vacated and remanded for a calculation of benefits. The Clerk of Court is directed to remand this matter for further proceedings.

Dated this 19th day of June, 2019.

_____
G. Murray Snow
Chief United States District Judge